**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4891**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

GENARO RABADAN AVILES, a/k/a Gerardo Gutierres Campuzano,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (5:09-cr-00059-H-2)

Submitted:  September 21, 2010        Decided:  October 28, 2010

Before KING, DAVIS, and KEENAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Genaro Aviles pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2006), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced Aviles to a total of 130 months of imprisonment and Aviles now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one sentencing issue but stating that there are no meritorious issues for appeal. Aviles was informed of his right to file a pro se supplemental brief, but did not do so. The Government has filed a motion to dismiss Aviles' appeal of his sentence based on Aviles' waiver of his right to appeal. For the reasons that follow, we dismiss the appeal of Aviles' sentence and affirm his conviction.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To

2

determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). We have thoroughly reviewed the record and conclude that Aviles knowingly and intelligently entered into the plea agreement and waived his appellate rights.

Accordingly, Aviles waived the right to appeal his sentence and we thus grant the Government's motion to dismiss the appeal of Aviles' sentence. We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm Aviles' conviction.

This court requires that counsel inform Aviles, in writing, of the right to petition the Supreme Court of the United States for further review. If Aviles requests that a petition be filed, but counsel believes that such a petition

3

would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Aviles. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4